**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2151**

———————

KHALEEQ KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-959-981)

———————

Submitted:  May 30, 2007              Decided:  July 23, 2007

———————

Before TRAXLER, KING, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Jesse Lloyd, NEIL A. WEINRIB & ASSOCIATES, New York, New York, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Linda S.
Wernery, Assistant Director, Kelly J. Walls, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khaleeq Khan, a native and citizen of Pakistan, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum and withholding of removal. Khan does not challenge the Board's order denying his application for asylum. We deny the petition for review.

To qualify for withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), an otherwise-deportable alien must demonstrate there is a clear probability that, if forced to return to the country of removal, he will be subject to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See INS v. Stevic, 467 U.S. 407, 425 (1984); 8 U.S.C. § 1231(b)(3)(A) (2000).

An applicant can establish entitlement to withholding based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.16(b)(1) (2006). For an applicant who has not suffered past persecution, he must show it is more likely than not that he will be persecuted upon one of the protected grounds. § 1208.16(b)(2) The factfinder may determine the applicant can avoid future harm by relocating within the applicant's native country. § 1208.16(b)(1), (2). The applicant has the burden of submitting corroborative evidence where such

evidence is reasonably available.  Matter of Dass, 20 I. & N. Dec. 120, 124 (B.I.A. 1999).  If such evidence is unavailable, the applicant must explain why.  Matter of S-M-J-, 21 I. & N. Dec. 722, 724 (B.I.A. 1997).

A determination regarding eligibility for withholding from removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C.A. § 1252(b)(4)(B) (West 2006).  This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We find the evidence does not compel a different result. Khan failed to establish past persecution or a clear probability of persecution were he to return to Pakistan.  He also failed to show the Pakistani Government was not trying to control some of the radical Muslim groups.  We further note substantial evidence supports the finding that he could relocate within Pakistan.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.